The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner John A. Hedrick. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award except for deletion of finding of fact 14 and 15.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. On 11 January 1995, the date of plaintiff's alleged injury, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On that date, an employment relationship existed between plaintiff and defendant-employer.
3. Hartford Insurance Company was the workers' compensation insurance carrier on the risk.
4. A handwritten document date-stamped October 16, 1995, marked as Stipulated Exhibit Number One, is admitted into evidence.
5. Thirteen pages of plaintiff's medical records from Primary Care Plus, marked as Stipulated Exhibit Number Two, are admitted into evidence.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was fifty-one years old, married and the father of an eleven year old child. Plaintiff graduated from high school. He attended college for less than one year. Plaintiff had received training as an electrician and he had worked as an electrician's helper. He had also worked as a carpenter, a welder, a sewer and as a waiter.
2. On 9 January 1995, plaintiff submitted an employment application to defendant-employer. In his application, plaintiff stated that he had twenty years of experience as a mason tender and that he had two years of college education. Plaintiff had never worked as a mason tender and he did not have two years of college education.
3. On 10 January 1995, plaintiff began working for defendant as a mason tender. As a mason tender, plaintiff's duties were to keep the masons supplied with bricks and mortar. Plaintiff's supervisor was Billy Byrd.
4. On his second day of work, 11 January 1995, plaintiff was assigned to carry cement blocks from a saw to where the blocks were being laid by the masons. Plaintiff testified that at approximately 11:50 a.m., he twisted his back while carrying blocks from the saw to the masons. Plaintiff further testified that this incident caused pain in his lower back and right side.
5. Plaintiff did not report this incident to Mr. Byrd at that time. Rather, he went to the parking lot where he sat in his car for a short time before leaving the site and returning to his home. While he was at his home, defendant-employer telephoned plaintiff and asked him to return to the job site. Upon returning to the job site, plaintiff notified defendant-employer that he had injured his back. At the direction of defendant-employer, plaintiff presented to Primary Care Plus.
6. Plaintiff received a written warning for leaving the job site without notice to defendant-employer.
7. Plaintiff returned to work for defendant-employer on 12 January 1995. On that date, Mr. Byrd assigned plaintiff to scrape fallen mortar off concrete floors. Plaintiff performed this task using a tool which had a long wooden handle and a flat metal head. Plaintiff complained to Mr. Byrd that he was unable to perform this task.
8. When plaintiff returned to work on 13 January 1995, Mr. Byrd assigned him to line walls with sheets of plastic and to pick up small cardboard cartons that had been discarded on the ground. The cardboard cartons had been used to protect ceramic blocks. Plaintiff complained that he was unable to perform these tasks. As a result of his complaints, plaintiff was assigned to work in defendant-employer's warehouse beginning 16 January 1995.
9. While assigned to the warehouse, plaintiff was directed to assist Ms. Greene. Ms. Greene was generally responsible for management of the warehouse, including shipping and receiving. Ms. Greene also coordinated with the construction foremen to hire laborers. Plaintiff was assigned to assist Ms. Greene by screening employment applications and by performing general office paperwork. Plaintiff was allowed to sit while performing these duties.
10. When plaintiff arrived at the work site on 16 January 1995, he did not report to the warehouse as he had been instructed to do. Rather, defendant-employer's labor foreman, Bishop Ford, found plaintiff sitting in his car in the parking lot and instructed him to go to the warehouse. Plaintiff eventually did go to the warehouse where he assisted Ms. Greene with the employment applications and other office paperwork. Defendant-employer gave plaintiff a written warning for insubordination as a result of his failure to report to the warehouse as instructed.
11. Plaintiff did not report to work on 17 January 1995. He did not notify defendant-employer that he would be absent on that date and he did not provide defendant-employer with an excuse for his absence. Plaintiff received another written warning for his absence on 17 January 1995.
12. On 18 January 1995, defendant-employer terminated plaintiff's employment due to his unexcused absences on January 11th and 17th and his insubordination on January 16th.
13. On 11 January 1995, plaintiff had a lumbar strain. The evidence of record is insufficient to prove by its greater weight that plaintiff's lumbar strain resulted from the incident on 11 January 1995.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff is entitled to no compensation under the North Carolina Workers' Compensation Act.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Under the law, plaintiff's claim must be, and the same is hereby, DENIED.
2. Each party shall bear its own costs.
 S/ _______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ _________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ __________________ DIANNE C. SELLERS COMMISSIONER
LKM/bjp